IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02397-WDM-MEH

HAROLD ALLEN,

      Plaintiff,

v.

NATIONAL CITY BANK OF PENNSYLVANIA,
JEANNIE REESE, in her personal capacity, and
JEANNIE REESE, in her official capacity,

      Defendants.

---

## RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS

---

Before the Court is Defendant Jeannie Reeser's Motion to Dismiss [Docket #16] and

Defendant National City Bank of Pennsylvania's Motion to Dismiss [Docket #18]. Pursuant to 28

U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, these matters have been referred to this

Court for recommendation [Docket #54]. For the reasons set forth below, the Court recommends

that the District Court **grant** Defendants' Motions.

## I.      Facts

Plaintiff filed this action against Defendants alleging violations of his rights under Fifth and

Fourteenth Amendment, as well as under the United States Bankruptcy Code. As alleged in

Plaintiff's Complaint, Plaintiff filed for bankruptcy on October 13, 2005, and the bankruptcy was

discharged on October 10, 2006. At the time he filed, a foreclosure action instituted by Defendant

National City Bank was pending against his home in state court. Although that action was stayed

during his bankruptcy proceedings, Defendant National City Bank has apparently now obtained

ownership of the home in state court and is seeking possession. Plaintiff alleges that Defendant

National City Bank does not have a recorded lien on the property, and that the Bank has not provided

proof to any court that it has a valid and perfected lien on Plaintiff's house. Plaintiff further alleges

that Defendant Reeser, at that time the Adams County Trustee, exceeded her authority by allowing

Defendant National City Bank to foreclose on the property without the perfected lien. Plaintiff also

contends that he did not receive notice of the Rule 120 hearing in state court. Plaintiff seeks

declaratory relief in the form of declaring the lien void, the foreclosure action void, allowing Plaintiff

to avoid the lien, and declaring the Motion for Order Authorizing Sale filed in state court void.

Defendant Reeser has filed a Motion to Dismiss arguing that she is entitled to qualified

immunity and that Plaintiff has failed to state a claim upon which relief can be granted. Defendant

National City Bank has also filed a Motion to Dismiss arguing that this action is barred by the

*Rooker-Feldman Doctrine* and that Plaintiff lacks standing to pursue this claim under the Bankruptcy

Code. Defendant National City Bank also contends that Plaintiff has failed to state a claim upon

which relief can be granted.

## II.    Discussion

### A.    Legal Standard for Motion to Dismiss

Because federal courts are courts of limited jurisdiction, Plaintiff bears the burden of proving

that jurisdiction exists. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

Subject matter jurisdiction is the court's authority to hear a case and cannot be waived. *Laughlin v.

Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "The issue of federal court jurisdiction may be

raised at any stage of the proceedings either by the parties or by the court on its own motion."

*Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1240 (10th Cir. 2001) (quotation

omitted). "Whenever it appears by suggestion of the parties or otherwise that the court lacks

jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

Because Plaintiff is *pro se*, the Court construes his pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). Even so, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because a "*pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

### B.     *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine is a jurisdictional prohibition that is based on 28 U.S.C. § 1257, which holds that federal review of state court judgments may be obtained only in the United States Supreme Court. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) (holding that the *Rooker-Feldman* doctrine bars "what in substance would be appellate review of the state judgment in a United States district court, based on [a] claim that the state judgment itself violates . . . federal rights"). The *Rooker-Feldman* doctrine applies in "any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate his claims." *Kenmen Engineering*, 314 F.3d 468, 478 (10th Cir. 2002).

Here, Plaintiff alleges that the actions of both Defendants in foreclosure were illegal. Plaintiff seeks to avoid the lien or void the lien, as well as void the state court foreclosure action that enforced the lien. For Plaintiff's claims against Defendant Reeser to stand, he must establish that the lien she allowed to be foreclosed was invalid and that through this process, she exceeded her authority as

Trustee of Adams County.  Clearly, if the lien was perfected and valid, Plaintiff would have no claim against her.  Thus, the premise of this claim also centers on the validity of the lien.  Because the premise of Plaintiff's claims, the validity of the lien, was previously adjudicated by the state court, granting Plaintiff the relief requested would require this Court to invalidate a state court judgment. Accordingly, these allegations, as well as the requested relief, are squarely within the scope of the *Rooker-Feldman* doctrine, and preclude this Court from reviewing Plaintiff's claims.

Plaintiff also seeks to void the lien because he did not receive notice of the Rule 120 hearing in state court, in violation of his right to due process.  *Rooker-Feldman* not only bars consideration of issues that were actually presented to and decided by a state court, but it also bars consideration of constitutional claims that are "inextricably intertwined with" issues that were ruled upon by a state court.  *See Feldman,* 460 U.S. at 483-84 n.16.  A constitutional claim is inextricably intertwined with issues reached by a state court "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."  *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995).  In short, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse some action or decision by a state court, or would effectively void its ruling.  *Id*.

To determine whether claims are inextricably intertwined, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment."  *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996); *see also Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 707 (10th Cir. 2004) (holding that courts should ask "'whether the state-court judgment caused, actually and proximately, the injury for which [the party] seeks redress'") (quoting *Kenman Engineering v.*

4

*City of Union*, 314 F.3d at 476).

The basis of Plaintiff's claim is that the state court proceedings violated Plaintiff's rights and, therefore, the judgment entered should be voided.  Thus, Plaintiff's alleged injury resulted from the judgment enforcing the lien.  The Tenth Circuit Court of Appeals has held that such a claim is exactly the kind of claim that should be rejected as inextricably intertwined with the state court claims, because it necessarily seeks invalidation of a state court judgment.  *Bergman v. LaCouture*, 218 Fed. Appx. 749, 751 (10th Cir. 2007) (holding that plaintiff's attempt to overturn a state court judgment because she did not receive notice of the state court hearing was barred by *Rooker-Feldman*).

Plaintiff further seeks to prevent Defendant National City Bank's ongoing attempts to gain possession of his home.  Because this is an ongoing proceeding, the *Rooker-Feldman* doctrine does not typically apply.  *Guttman v. G.T.S. Khalsa*, 446 F.3d 1027, 1031 (10th Cir. 2006).  However, Plaintiff's bases for seeking this relief, the invalidity or avoidance of the lien, have already been adjudicated in state court proceedings, and Plaintiff raises no separate claims based on the attempts to gain possession of his home.  Thus, this claim is barred as well.

Under *Rooker-Feldman*, the redress for these alleged injuries is through the state court appellate process to the United States Supreme Court.  Federal district courts can neither address these injuries nor review the state court proceedings.  28 U.S.C. § 1257.  Accordingly, the Court recommends that Plaintiff's claims against Defendant Reeser and Defendant National City Bank be dismissed without prejudice for lack of jurisdiction.

## C.      Younger Abstention Doctrine

To the extent that Plaintiff has asserted a claim based on the ongoing state court proceedings in which Defendant National Bank is attempting to take possession of his house that is not barred by

*Rooker-Feldman*, the Court recommends abstaining from exercising jurisdiction.  Federal courts are to avoid interference with ongoing state proceedings if the state court provides an adequate forum to present any federal constitutional challenges.  *Younger v. Harris*, 401 U.S. 37 (1971).

Pursuant to the *Younger* Abstention Doctrine, "[e]ven when a federal court would otherwise have jurisdiction to hear a claim, the court may be obliged to abstain when a federal-court judgment on the claim would interfere with an ongoing state proceeding implicating important state interests." *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1227-28 (10th Cir. 2004).  This Court must abstain from exercising jurisdiction if the following conditions are met:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

In this case, Plaintiff readily admits that this federal lawsuit corresponds to proceedings in state court by alleging that Defendant is presently trying to seek possession of the house now that is has foreclosed on his house.  Plaintiff's can pursue his claim of lack of notice in state court and can raise the alleged violations of his constitutional rights either with the district court or with the state court of appeals.  Plaintiff does not and cannot establish that the state appellate process will not provide an adequate forum for his claims.  Moreover, the state proceedings involve important state interests, in that the foreclosure action as well as the perfection and recording of liens are matters governed by state law and are traditionally resolved in state courts.

Finally, a review of the record indicates that were this Court to reach the merits of Plaintiff's claims, Plaintiff lacks standing to assert his claims in place of the bankruptcy Trustee under the United

6

States Bankruptcy Code. *See In re Smith*, No. 06-12289, 2007 Bankr. LEXIS 1643 *8 (Bankr. D. Colo. Apr. 30, 2007) (finding a lack of standing because the plaintiff voluntarily granted the original lender a Deed of Trust in the property).

## III.   Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendant Jeannie Reeser's Motion to Dismiss [Filed April 19, 2007; Docket #16] and Defendant National City Bank of Pennsylvania's Motion to Dismiss [Filed April 27, 2007; Docket #18] be **granted** and that this case be **dismissed without prejudice**. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 19th day of July, 2006.

BY THE COURT:


s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).