IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02397-WDM-MEH

HAROLD ALLEN,

　　　Plaintiff,

v.

NATIONAL CITY BANK OF PENNSYLVANIA,
JEANNIE REESE, in her personal capacity, and
JEANNIE REESE, in her official capacity,

　　　Defendants.

---

## RECOMMENDATION ON PLAINTIFF'S
## MOTION FOR TEMPORARY RESTRAINING ORDER

---

Before the Court is Plaintiff's Motion for Temporary Restraining Order and Injunction Pursuant to F.R.C.P. Rule 65 and Requests for Sanctions Forthwith [Docket #57].  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation [Docket #58].  For the reasons set forth below, the Court recommends that the District Court **deny** Plaintiff's Motion.

**I.　　Facts**

Plaintiff filed this action against Defendants alleging violations of his rights under Fifth and Fourteenth Amendment, as well as under the United States Bankruptcy Code.  As alleged in Plaintiff's Complaint, Plaintiff filed for bankruptcy on October 13, 2005, and the bankruptcy was discharged on October 10, 2006.  At the time he filed, a foreclosure action instituted by Defendant National City Bank was pending against his home in state court.  Although that action was stayed during his bankruptcy proceedings, Defendant National City Bank has apparently now obtained

ownership of the home in state court and is seeking possession.

This Court issued a Recommendation on Defendants' Motions to Dismiss, recommending that this case be dismissed as barred under the *Rooker-Feldman* doctrine, or in the alternative, that the Court decline to exercise jurisdiction over any claims not barred due to the *Younger* abstention doctrine.

Plaintiff filed the instant motion arguing that Defendant National City Bank commenced an action for possession of Plaintiff's home in Adams County Court and received an order of possession. Defendant is now seeking a Writ of Restitution to allow for repossession of the home.  Plaintiff argues that the state court action should be stayed, because the issue of whether Defendant has a valid lien is still pending in this Court.  Based on the Court's recommendation dated July 19, 2007, that this matter be dismissed, the Court also recommends that Plaintiff's Motion for Preliminary Injunction be denied.

**II.      Discussion**

This Court's ability to intervene in state court proceedings and enjoin the state from issuing or enforcing an arrest warrant is first controlled by 22 U.S.C. § 2283, which allows a federal court to intervene only under the following three circumstances: (1) "as expressly authorized by Acts of Congress"; (2) "where necessary in aid of its jurisdiction"; and (3) "to protect or effectuate its judgments." 22 U.S.C. § 2283. "The normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris*, 401 U.S. 37, 45 (1971). "This refusal to exercise federal jurisdiction arises from a desire to 'avoid undue interference with states' conduct of their own affairs." *Southwest Air Ambulance, Inc. v. City of Las Cruces*, 268 F.3d 1162, 1178 (10th Cir. 2001). "Any doubts as to the propriety of a federal

injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atlantic C. L. R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 295 (1970).  Thus, the Order of Restitution issued by the state court in favor of Defendant must first fit into one of the three statutory exceptions for the Court to issue an injunction.  If an exception applies, Plaintiff must also establish the requirements of the Younger Abstention Doctrine. *Trainor v. Hernandez*, 431 U.S. 434 (1977).

First, Plaintiff does not allege that any Act of Congress expressly allows the Court to enjoin this state court proceeding.  Second, the Court could issue an injunction if necessary to aid its jurisdiction.  However, an injunction is appropriate only "to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic C. L. R. Co.*, 398 U.S. at 297.  Plaintiff argues that allowing the state court to proceed will prohibit this Court's ability to decide the instant case.  As discussed in this Court's Recommendation dated July 19, 2007, it is just such a predicament that required abstention under the *Younger* Abstention Doctrine.  Finally, no judgment has yet issued in this case that requires the Court's protection.

Plaintiff asserts a claim based on the ongoing state court proceedings in which Defendant National Bank is attempting to take possession of his house, and he argues that this Court should enjoin the state court from continuing to exercise its jurisdiction over the foreclosure proceedings.  As explained in the Recommendation, federal courts are to avoid interference with ongoing state proceedings if the state court provides an adequate forum to present any federal constitutional challenges. *Younger v. Harris*, 401 U.S. 37 (1971).

Pursuant to the *Younger* Abstention Doctrine, "[e]ven when a federal court would otherwise

have jurisdiction to hear a claim, the court may be obliged to abstain when a federal-court judgment

on the claim would interfere with an ongoing state proceeding implicating important state interests."

*D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1227-28 (10th Cir. 2004).  This Court must

abstain from exercising jurisdiction if the following conditions are met:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

In this case, the federal lawsuit clearly corresponds to proceedings in state court, because

Plaintiff is seeking to enjoin the proceedings in which Defendant is seeking a Writ of Restitution.

Plaintiff can defend this action in state court and has ample opportunity to do so, and Plaintiff does

not and cannot establish that the state appellate process will not provide an adequate forum for his

claims.  Moreover, the state proceedings involve important state interests, in that the foreclosure

action as well as the Writ of Restitution are matters governed by state law and are traditionally

resolved in state courts.  Simply because Plaintiff disagrees with the rulings in state court does not

allow him to pursue his claims in federal court.

**III.     Conclusion**

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion

for Temporary Restraining Order and Injunction Pursuant to F.R.C.P. Rule 65 and Requests for

Sanctions Forthwith [Filed July 20, 2007; Docket #57] be **denied**.  Under Fed. R. Civ. P 72, the

parties shall have ten (10) days after service of this Recommendation to serve and file any written

objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 26th day of July, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).