IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-02397-WDM-MEH

HAROLD ALLEN,

    Plaintiff,

v.

NATIONAL CITY BANK OF PENNSYLVANIA,
JEANNIE REESE, in her personal capacity, and
JEANNIE REESE, in her official capacity,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendations of Magistrate Judge Michael E. Hegarty (doc nos 56 and 60) that this case be dismissed without prejudice and that Plaintiff's motion for a preliminary injunction be denied. Plaintiff Harold Allen filed a timely objection to the recommendation that the case be dismissed. 28 U.S.C. § 636(b).

I have reviewed *de novo* the pertinent portions of the record in this case, including the amended complaint, the motions to dismiss filed by Defendants (doc nos 16 and 18), Plaintiff's responses to the motions to dismiss, Plaintiff's motion for a temporary restraining order and preliminary injunction (doc no 57), the recommendations, and Plaintiff's objections. For the reasons that follow, I conclude the recommendations should be accepted.

Plaintiff filed this action alleging various constitutional claims and claims arising

under bankruptcy statutes, essentially seeking to set aside a lien and foreclosure action whereby Defendant National City Bank of Pennsylvania (the "Bank") obtained a trustee's deed to Plaintiff's residence. The mortgage on Plaintiff's home was secured by a deed of trust on the property, which was later assigned to the Bank. The Bank began foreclosure proceedings, but the action was stayed when Plaintiff filed for bankruptcy. The Bank apparently obtained relief from the stay and obtained title to the property through a foreclosure sale. Now pending in County Court for the District of Adams County, Colorado, is an action by the Bank seeking possession of the property. Plaintiff contends that the Bank did not have a valid, perfected lien before the bankruptcy and so the foreclosure and sale are invalid. Magistrate Judge Hegarty recommended that this case be dismissed based on the *Rooker-Feldman* doctrine (concerning the concluded foreclosure proceedings), as well as *Younger* abstention principles (with respect to the ongoing eviction action). He also recommended that Plaintiff's motion for injunctive relief be denied, as Plaintiff seeks to have this Court enjoin and interfere with an ongoing state proceeding.

Plaintiff objects to the dismissal recommendation on several grounds. First, he cites *In re Kelly*, 350 B.R. 778 (Bankr. N.D. Ill. 2006), for the proposition that the *Rooker-Feldman* doctrine does not necessarily bar an action to avoid a lien, as Plaintiff seeks to do here. As an initial matter, case law from the Bankruptcy Court of the Northern District of Illinois is not binding on this Court. Moreover, *Kelly* concerns a proceeding in the bankruptcy court pursuant to 11 U.S.C. § 522(f), seeking to avoid a judgment lien on the grounds that it impaired a homestead exemption. This case does not involve an exemption

impairment proceeding. Rather, Plaintiff seeks to declare the lien and foreclosure to be invalid; this is precisely the type of review of a state court judgment that is prohibited by *Rooker-Feldman*.

Plaintiff further urges that the *Rooker-Feldman* doctrine does not apply here because he did not have an opportunity to contest the validity of Defendant's lien in the state foreclosure proceeding. I disagree. The record indicates that Plaintiff was fully aware of the foreclosure, since he listed it on his bankruptcy petition.[1] I agree with Magistrate Judge Hegarty that any alleged constitutional violations based on alleged notice issues are inextricably intertwined with the state court's judgment as to the validity of the lien and foreclosure and are barred by *Rooker-Feldman* principles.

Plaintiff contends that this Court should also review the state foreclosure action because the granting of motion for sale under C.R.C.P. 120 is a non-appealable order. The rule, however, permits Injunctive relief. C.R.C.P. 120(d). Injunctive relief, to the extent it is available, is equally available in Colorado state court, in addition to whatever appellate remedies Plaintiff has with respect to the prior judgment. Accordingly, this does not compel the exercise of jurisdiction in this case.

Plaintiff argues, as he did in his responses to the motions to dismiss, that he is entitled to exercise the rights of the bankruptcy trustee in avoiding a lien pursuant to 11 U.S.C. § 544. Aside from the fact that Plaintiff has not reopened his bankruptcy petition, it is clear that Plaintiff would not have standing to pursue an action under section 544. *See*

---

[1] He presumably also had the opportunity to contest the Bank's motion for relief from the bankruptcy stay.

*In re Smith*, 366 B.R. 149 (Bankr. D. Colo. 2007) (debtor may not use trustee's avoidance powers under 11 U.S.C. § 522(h) where debtor voluntarily transferred property, such as deed of trust securing promissory note on home loan).

Plaintiff also objects to the recommendation that this Court abstain from interfering with the pending eviction proceeding on the grounds that Colorado county courts do not have jurisdiction to hear matters relating to title to real property. However, as Plaintiff himself recites, the matter can be transferred to the state district court for Adams County, Colorado. Plaintiff clearly has a remedy in the state court. Accordingly, this objection is overruled.

Plaintiff's remaining objections go to the merits of his claim that the Bank did not have a valid lien and do not show that the recommendation is in error.

I agree with Magistrate Judge Hegarty that Plaintiff's claims are barred because they seek to either invalidate a state court judgment or to interfere with an on-going state court action, concerning matters traditionally of state concern, in which Plaintiff has adequate remedies. In addition, I agree that a temporary restraining order and preliminary injunction to stop the ongoing state proceedings would be inappropriate in these circumstances.

Accordingly, it is ordered:

1. The recommendations of Magistrate Judge Hegarty (doc no 56 and 60) are accepted as discussed herein.
2. Defendants' motions to dismiss (docs no 16 and 18) are granted.
3. Plaintiff's motion for a temporary restraining order and preliminary injunction (doc

no 57) is denied.

4. Plaintiff's amended complaint is dismissed without prejudice.

DATED at Denver, Colorado, on August 13, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge